[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
 PROCEDURAL BACKGROUND
The plaintiff, Lisa Lugauskas, filed her original complaint in this action on October 5, 2000, in her capacity as conservatrix of Mary Jazina and the Estate of Mary Jazina. In the original one count complaint, Lugauskas asserts claims against the defendant, Manuel Reis, for negligence alleging that he struck Mary Jazina with his automobile as she walked across a two-lane highway in Naugatuck, Connecticut on the evening of November 28, 1998. On April 16, 2001, Lugauskas filed an amended complaint in which, for the first time, she asserts in count two claims against Reis for common-law recklessness and in count three a prayer for double or treble damages pursuant to General Statutes § 14-295.[1]
Reis filed an answer and special defense to the amended complaint on May 9, 2001. In the second special defense Reis contends that the recklessness claims pleaded in counts two and three are time barred by General Statutes § 52-584,[2] as they were not raised within two years of the complained of incident.
On July 11, 2001, Lugauskas filed a motion for summary judgment as to the second special defense filed by Reis and a memorandum of law in CT Page 15587 support thereof. The issue before the court is whether the plaintiffs motion for summary judgment as to the defendant's second special defense should be granted on the grounds that the allegations asserted in counts two and three of the amended complaint relate back to the original complaint and, therefore, are timely under General Statutes § 52-584.
 DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ."[3] (Internal quotation omitted.) QSP, Inc. v. The Aetna Casualty Surety Co.,256 Conn. 343, 351, 773 A.2d 906 (2001), quoting Orkneyv. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law. . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000).
Lugauskas argues in her memorandum in support of her motion for summary judgment that "[u]nder Connecticut case law, a claim for damages for reckless misconduct or willful or wanton misconduct relates back, for purposes of the statute of limitations, to an original complaint sounding in negligence."[4] In addition, Lugauskas contends that count three of her amended complaint is proper because a claim for double/treble damages under General Statutes § 14-295 relates back for purposes of the statute of limitations. Specifically, Lugauskas argues that (1) the claim asserted arose out of the conduct, transaction or occurrence set forth in the original complaint and (2) a claim for double/treble damages for reckless misconduct under § 14-295 is substantially the same as a claim for common law recklessness.
Reis argues in his objection to the motion for summary judgment that Lugauskas misconstrues the applicable case law. Specifically, Reis contends that the cases cited by the Lugauskas "stand for the proposition that the reiteration of the factual basis for an existing negligence claim is permissible in the context of the insertion of a new recklessness claim" beyond the statute of limitations period. Reis maintains, however, that where the new claims of recklessness are based CT Page 15588 on fundamentally new facts not found in the original complaint, the claims do not relate back for statute of limitations purposes. Reis argues that Lugauskas' "new alcohol allegations, reflecting the sole basis for the new counts, represent a significant departure from the existing factual allegations of negligence in the complaint." Reis also maintains that nothing in Lugauskas' original complaint put him on reasonable notice the he would face these new allegations. Accordingly, the defendant contends that the new claims do not relate back and are barred by the applicable statute of limitations.
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . A change in, or an addition to, a ground ofnegligence or an act of negligence arising out of the single group offacts which was originally claimed to have brought about the unlawfulinjury to the plaintiff does not change the cause of action. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . . Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims. . . ." (Emphasis added; internal quotation marks omitted.)Alswanger v. Semego, 257 Conn. 58, 64-65, ___ A.2d ___ (2001).
In Gurliacci v. Mayer, 218 Conn. 531, 549, 590 A.2d 914 (1991),[5]
the Connecticut Supreme Court determined that where a plaintiffs amendment reiterates a negligence claim based on the defendant's operation of a motor vehicle, but adds that the defendant was acting either wilfully, wantonly, and maliciously, a new cause of action is not stated and the amended complaint relates back to the original complaint. In reaching this ruling, the Gurliacci court noted that Connecticut's "relation back doctrine is akin to rule 15(c) of the Federal Rules of Civil Procedure, which provides in pertinent part:. . . . Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." (Citations omitted; internal quotation marks omitted.) Id., 547. The court considered that "[t]he policy behind rule 15(c) is that a CT Page 15589 party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that the statutes of limitations are intended to afford." (Citations omitted.) Id. Because the plaintiffs new recklessness claim in Gurliacci simply "amplified and expanded upon the previous allegations [in the original complaint] by setting forth alternate theories of liability" and the defendant "had adequate notice that a claim was being asserted against him arising out of the alleged motor vehicle accident;" the court found that the plaintiffs amendment related back to the filing of the initial complaint. Id. 549.
Applying Gurliacci to the facts of this case, if Lugauskas had simply reiterated the allegations supporting her negligence claim in her original complaint to support her new claims sounding in recklessness, the new claims would clearly relate back. Lugauskas, however, asserted in her amended complaint an allegation of intoxication not found in her original complaint. For this reason, further review of the applicable case law is necessary.
This case should be distinguished from the line of cases where the Supreme Court found that the amended complaint did not relate back to the filing of the initial complaint. In those cases, the type of negligence being alleged involved totally different underlying circumstances.
By way of example, in Sharp v. Mitchell, 209 Conn. 59, 546 A.2d 846
(1988), the plaintiffs brought a wrongful death action against the defendant employers on behalf of three employees who were asphyxiated in an underground storage facility. Id., 60. The plaintiffs' original complaint, alleging negligent supervision by the defendants, was later revised to include the allegation that the defendants were negligent in designing and constructing the underground storage facility. Id., 62. In finding that the plaintiffs' new allegations did not relate back, the court compared the cause of action stated in the original complaint with the cause of action stated in the revised complaint and concluded that two different causes of action were stated. Id., 72-73. The court reasoned that the complaints "involve[d] two different sets of circumstances and depend[ed] on different facts to prove or disprove the allegations of a different basis of liability." Id., 73. The court also noted that "[t]he defendants did not have fair notice of the claim of negligent construction and design of the underground storage area when the original complaint merely alleged that the [defendant supervisor] was negligent in ordering the employees to enter the area." Id.
Likewise, in Alswanger v. Semego, supra, 257 Conn. 68, the court applied Sharp and Gurliacci to find that the plaintiff husband and wife's amended complaint alleging lack of informed consent regarding a medical CT Page 15590 resident's participation as a co-operating surgeon in the husband's surgery arose from a different set of facts than the allegations set forth in the original complaint and, therefore, was time barred by the applicable statute of limitations. The plaintiffs' original complaint alleged, inter alia, that the defendant physician and hospital were negligent in failing to advise the plaintiffs of all the material risks involved with the surgical procedure. Id., 61. The court noted that "[a]lthough the focus of the original complaint was on informed consent as it related to the surgical procedure itself, the amended complaint shifted focus to consent by the patient to the participation of the individuals involved in the surgery." Id., 66.
Similarly, in Barrett v. Danbury Hospital, 232 Conn. 242, 654 A.2d 748
(1995), the court found that the plaintiffs' new claims did not relate back to the commencement of the action as they "arose out of different facts than those giving rise to the plaintiffs' original cause of action." Id., 264. In that case, the plaintiff husband and wife's original complaint alleged that the husband received negligent medical treatment from the defendant physician and hospital when he was placed on a stretcher in the emergency room that was later found to have been saturated with an earlier patient's blood. Id., 244-49. The plaintiffs later sought to amend their complaint to add a claim for negligent infliction of emotional distress and intentional infliction of emotional distress based on the defendant hospital's chief executive officer's refusal, the day after the incident, to provide [the husband] with information regarding the HIV and health status of the persons whose blood was on the stretcher. Id., 263. In finding that the plaintiffs' new claims did not relate back, the Barrett court noted that the claims "arose out of events that occurred the day after the events that were the subject of the original complaint, and address[ed] emotional distress based on the actions of the hospital's chief executive officer, not based on the actions of [the defendant physician and hospital] of which the plaintiffs originally complained." Id., 264. Furthermore, "[t]he injury alleged [was] emotional distress arising out of the words and action, or inaction, of the hospital's chief executive officer, whereas the original allegations concerned [the physician] and the hospital's alleged negligence. . . ." Id., 264-65.
Applying the above case law to the instant case, this court finds that Lugauskas' allegations of recklessness arise from the same circumstances that gave rise to her original cause of action in negligence. Additionally, Reis was on fair notice that a claim was being asserted against him arising out of the alleged accident.
This court is aware of the language in Alswanger stating "[t]hat the injuries alleged and the parties involved in each complaint [are] CT Page 15591 identical [does] not eliminate the fact that the complaints [are] based on different facts." Alswanger, supra, 257 Conn. 68. Nevertheless, this court finds that the "single group of facts which is claimed to have brought about an unlawful injury to the plaintiff," here, is Reis' alleged negligent driving which resulted in plaintiff being struck by his vehicle. Lugauskas' allegation of intoxication merely "amplifies" or "expands" what has already been alleged.[6] Unlike the plaintiffs' amended complaints in Sharp, Alswanger, and Barrett, the focus of the amended complaint, here, is the same as the focus of the original complaint — the defendant's negligent driving. Therefore, Lugauskas' new claims relate back to the filing of her original complaint and are not time barred by the applicable statute of limitations. Accordingly, the plaintiffs motion for summary judgment as to the defendant's second special defense is granted by the court.
 CHASE T. ROGERS SUPERIOR COURT JUDGE